Ruffin, Judge.
 

 — Since this cause was argued on the report of the Master, and the exceptions,
 
 (ante
 
 516) the Defendants have filed a petition to rehear the cause, and reverse the order of June, 1829, to a.ccount, under which tiie report has been made.
 

 The first objection to the relief is, that there is no proof of the death of
 
 Ralph McNair.
 
 Tiiat is susceptible, of two answers : one, that it is presumed from the grant of letters testamentary to
 
 Ebeneaer McNair,
 
 and of administration
 
 de bonis non
 
 to the present Plaintiff: the other, from the great length of time since he was > heard of j there being no proof in the cause that he was alive, since he was mentioned in the act of 1779, as having adhered to the enemy, and gone out of the United States.
 

 Another objection is taken, that the present Plaintiff does not show his own letters of administration. Ho states them in his bill of revivor, and they are not ad* mitted in the answer. It is not necessary, that he should have them on the hearing of the original cause. It wae sufficient, that he should show them when he applied for the order, that the suit should stand revived. It is like reviving at Law, upon the death of the Plaintiff. The Court must decide upon the character of the person applying to revive, before he is allowed to revive. At Law there is no plea given, which can put that character m issue $ for the suit is to stand revived, in the same plight in which it stood when the original party died. The Court then
 
 ex necessitate
 
 decides the question on motion, and by inspection of the letters of administration. If at any time it shoald be made to appear, that an imposKiou
 
 *535
 
 has been practised on it, the Court possesses full power to protect itself, and to do right to the parties. But. the part)- is not to be held always prepared with his proof. The letters form no part of the evidence on the hearing of the first suit. Here, she order of revivor is expressed in these words : “ It appearing to the Court, that
 
 Ed-mtvnd D. McNair
 
 has authority to revive the original suit, it is ordered to be revived.” This is conclusive in all subsequent stages, until that order itself be reversed.
 

 It is next insisted, that the Plaintiff is barred by the statute of limitations. That would not follow, were the case one to which the statute applied. For it is a pari of Use case, that the
 
 McNairs
 
 departed from the country, ami although
 
 Ebmexer
 
 was a resident of Virginia when he filed Ins bill, it does not appear how long before he had returned. If the bill must bring the case out of the statute, this does it
 
 prima fade,
 
 until a return to the country shall be shown on the other side. There is no plea of the statute, nor is it relied on in the answer. The Court does not mean to say, that the late English cases are not law, which dispense with a plea of the statute, and allow it to be taken advantage of on demurrer, or at the hearing; though \vc incline to the opinion expressed by
 
 Lord
 
 Thurlow, in favor of a plea ; because that prevents surprise, and the Plaintiff, upon notice, ¡might Show' himself within an exception. But in our opinion, this case is not. within the statute at all; being between copartners, touching their copartnership dealings, and constituting a trust, appearing upon articles under seal. Whether it would be so, if such were not; the articles, we more than doubt. But where there is an agreement under seal to account, a bill for an account cannot be barred, certainly, before an action on the covenant would.
 

 Nor does the Court think the lapse of time destructive .of the Plaintiff’s rights. It would be, were the transact tier» one of ordinary times, and between citizens of the
 
 *536
 
 country. Several years were those of war. Upon the peace, the treaty gave the power to sue, it is true. But we know, that every resistance was made to the claims J3r|jish creditors, both by the debtors themselves, and the citizens generally. Until the adoption of the Federal Constitution, in most of the States, the Courts refused to execute it, upon the ground that the British violated it, by refusing to surrender the western posts. Respectable professional gentlemen throughout the country maintained, and often sustained that position in Court. In this State, it was found necessary by the Legislature, as late as November, 1787, to enforce it by statute $ and even after that, the effect of confiscation was violently contested, and never settled, until the case of
 
 Hamilton
 
 v.
 
 Eaton (Martin 77)
 
 in this State, and that of
 
 Ware
 
 v.
 
 Hylton
 
 (3
 
 Dallas
 
 199) went up from Virginia to the Supreme Court of the United States in 1796. This suit was not long delayed after those decisions. A delay thus accounted for by the course of public events, cannot be Construed into an abandonment or satisfaction of the Plaintiff’s demand.
 

 The Defendant has likewise insisted, that there is ne proof of the copartnership,' or of the balance account, w hich forms the basis of the present demand, and of the accounts directed. It seems that the originals of those documents have been lost out of the Master’s office, during this protracted litigation. But a copy of the balance account remains, and is identified by the deposition of the Master in Orange, as having been admitted before him by the Defendant,
 
 Eagland,
 
 to be a copy. But that it is a copy, and that the original was a genuine paper, is placed beyond doubt by the plea formerly put in by all the Defendants. That plea states, as its very point, this account, and relies on it as a
 
 stated account
 
 between the parties, on which there was a remedy at Law. There can be no higher evidence than this. It is not like a plea at Law, where each plea is independent. Bat here is a
 
 *537
 
 positive admission on oath, and to this purpose, it is the same as if if were in the answer. From this document, if there were no other evidence, the partnership is clearly established ; for the fond is stated, the ih M to
 
 II.
 
 &
 
 E. McNair,
 
 arid the several amounts and proportions of profits of cadi partner, as alleged in the bilb Besides this, the books of the firm contain evidence equally strong.
 

 The order complained of must therefore stand, and fc affirmed.
 

 Per Curiam.
 

 — Petition dismissed,